# EXHIBIT

# A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made between Winton Transportation, Inc. and Universal Transportation Systems, LLC (collectively "UTS"), on the one hand; and Anthony Casey and his heirs, successors, administrators, and assigns (collectively, "Casey") and Edward Williams II and his heirs, successors, administrators, and assigns (collectively, "Williams") (UTS, Casey, and Williams, collectively referred to as "Parties") on the other hand, on this 20 day of July 2017.

WHEREAS, Casey and Williams have asserted claims against UTS in connection with their employment, including claims alleged in the matter styled as *Williams, et al. v. Winton Transportation Inc.*, S.D. Ohio Case No. 1:17-cv-00101-TSB ("Williams Litigation");

WHEREAS, UTS denies any wrongdoing or liability to Casey or Williams and has maintained that all of its actions relating to their employment was in accordance with all applicable laws, regulations, policies and agreements;

WHEREAS, the Parties and their counsel have engaged in a substantial exchange of information to facilitate negotiations, including thousands of pages of documents relating to the hours of work and payments made to Casey and Williams; and

WHEREAS, the Parties have a good faith disagreement about the compensability of certain hours, and the Parties' divergent views of the facts and the law present bona fide disputes that, had the Parties not reached settlement, would have necessitated resolution by the Court and/or a jury such that the settlement is a fair and reasonable result of arm's length negotiations.

WHEREAS, Casey and Williams legal Counsel, Burg Simpson Eldredge Hersh & Jardine, P.C. ("Burg Simpson"), represents and warrants to UTS that as of the date of execution of the Agreement by Casey and Williams, Burg Simpson does not represent any other current or former

1

employees of UTS, has not had contact with any other current or former employees regarding the issues in the Williams Litigation and does not have the identities of or contact information for any other current or former UTS employees, other than Williams and Casey.

**NOW THEREFORE**, in consideration of the mutual promises, covenants and agreements contained herein, the sufficiency of which is acknowledged by the Parties, and to resolve any and all disputes between UTS and Williams and Casey, the Parties hereto have agreed as follows, without any admission of any legal or regulatory violation, other wrongdoing or liability by UTS:

1. The recitals set forth above shall be incorporated into the terms of this Agreement and by this reference as a part hereof. By signing below, Williams and Casey specifically acknowledge they are entering into this agreement separately, individually, by their own accord, having been specifically instructed to seek the assistance of legal counsel of his own choosing.

2. Settlement Payments totaling a gross amount of $80,000 shall be paid as described herein ("Settlement Payments"). The Settlement Payments shall be due within twenty (20) calendar days after the occurrence of all of the following: a) the Court's entry of a final order having the same substance and effect as Exhibit A, approving the settlement and dismissing the Williams Litigation with prejudice without notice, other than this agreement being filed on the court's docket, being given to any third party; and b) the expiration of the seven (7) day waiting period described in Section 23 below, without either Williams or Casey exercising the right to cancel this agreement during said period.

3. The Settlement Payments shall be payable as follows: (a) a payroll check made payable to Williams in the gross amount of $20,000.00 subject to withholding and deductions consistent with payroll practices and requirements; (b) a payroll check made payable to Casey in the gross amount of $20,000.00 subject to withholding and deductions consistent with payroll

2

practices and requirements; (c) a check made payable to Burg, Simpson, Eldredge, Hersh & Jardine, PC in the amount of $40,000.00, representing the total attorneys' fees and costs (allocated ½ to Williams and ½ to Casey).

The check to Burg Simpson shall represent all attorneys' fees and costs associated with the prosecution of this matter and Burg Simpson shall submit a completed IRS Form W-9 to counsel for Defendant prior to the issuance of any payment. Defendant shall use the most recent IRS Form W-2 on file for Williams and Casey for that portion of the settlement allocated to lost wages; i.e., $20,000.00 to Williams and $20,000.00 to Casey.

4.      Williams and Casey hereby release Winton Transportation, Inc., Universal Transportation Systems, LLC, their respective past, present and future directors, officers, managers, shareholders, members, affiliated companies, subsidiaries, parent companies, employees, agents, attorneys, insurers, employee benefit plans, heirs, executors, trustees, personal representatives, successors and assigns ("Released Parties") from any and all claims whatsoever including without limitation claims asserted, or which could have been asserted, in the Williams Litigation including, any and all actions, causes of action, claims, controversies, damages or demands whatsoever, in law or in equity, which may legally be waived, including but not limited to any and all claims under the federal Fair Labor Standards Act, Article II section 34a of the Ohio Constitution, Ohio Revised Code sections 4113.15 (the Prompt Pay Act), 4111.02 (Minimum Wages), 4111.03 (Overtime), claims for unpaid wages, minimum wages, overtime pay, liquidated damages, breach of contract, personal injury, benefits, defamation, compensation awards, wrongful discharge, discrimination (including without limitation racial discrimination under Title VII of the Civil Rights Act of 1964 and Ohio Revised Code Chapter 4112, and age discrimination claims under the Age Discrimination in Employment Act and Ohio Revised Code Chapter 4112),

3

harassment, retaliation, impairment of economic opportunity, intentional infliction of emotional harm, negligence or other tort, and any and all other claims based on any oral or written agreements or promises, whether arising under statute, executive orders or regulations, contract (express or implied), constitutional provisions, common law, public policy, or on any other basis, known or unknown, from the beginning of time through the date of execution of this Agreement. It is expressly acknowledged and agreed that this is a general release of all claims by Casey and Williams and that Casey and Williams knowingly and voluntarily release and forever discharge the Released Parties of and from any and all claims, known and unknown, asserted and unasserted, matured or not matured, foreseeable and unforeseeable against the Released Parties that Williams or Casey or either of their heirs, successors, administrators, or assigns have or may have as of the date of execution of this Agreement. The Parties expressly acknowledge that the release does not include or encompass claims which have been, could be or may be asserted under workers' compensation laws. However, as of the date of execution of this Agreement, neither Casey nor Williams is aware of any accidental occupational injury sustained in the course and scope of his respective employment with UTS.

5.     Casey and Williams, to the best of their knowledge and belief, represent and warrant that there are no pending or threatened claims by third parties arising out of or relating to Casey's or Williams' employment with UTS except for the Williams Litigation. Casey and Williams specifically represent and warrant that neither of them have informed or discussed with any current or former employee of UTS any of their allegations or claims as alleged in the Compliant filed in the lawsuit, the settlement negotiations or this agreement, with the sole and exclusive exception being Casey who represents that that on one occasion in or around late April or early May 2017, he told one current employee of UTS of the existence of the lawsuit and he has

4

not and will not induce or otherwise encourage that individual to assert a claim or cause of action against UTS.

Casey and Williams further represent and warrant that they shall not, after the date of execution of this Agreement, undertake any action to initiate, encourage or instigate any such third-party claims or any claims by current or former UTS employees against UTS or any Released Party and that they have not done so prior to the date of this Agreement except as specifically described in the preceding paragraph. The foregoing representations and warranties are an essential and material inducement to UTS's willingness to enter into this Agreement.

6.       Williams hereby waives any right to future employment by UTS or any of the Released Parties, and agrees he will not make any application for employment with the same. Should, in the future, Williams choose to apply for employment with UTS or any of the Released Parties, this Agreement shall serve as a legitimate, lawful non-discriminatory reason to reject Williams' application for employment.

7.       Williams and Casey acknowledge that they have asserted various allegations against UTS, including wage and hour claims, and further acknowledge and agree that UTS has not acknowledged any wrongdoing whatsoever, that UTS has at all times maintained that its actions comport with all applicable law, that there are authorities supporting the positions asserted by UTS, that UTS is entering into this Agreement in order to avoid the cost and uncertainty of continued litigation, and that this Agreement constitutes a good faith settlement of a bona fide and contested dispute after arm's length negotiations involving competent and experienced counsel for all Parties.

8.       Williams and Casey agree that they will not file or pursue any type of legal or equitable action, claim, proceeding or other similar effort to collect money or obtain relief against

5

UTS or any Released Parties as to any claims released under this Agreement; and covenant not to sue UTS or any Released Parties in any forum for any claim released herein. The Parties hereto understand that law or policy may not permit this Agreement from preventing Williams or Casey from filing a charge with or from participating in an investigation or proceeding conducted by certain agencies charged with the enforcement of employment laws, although by signing this Agreement, Casey and Williams are waiving any right to monetary recovery based on claims asserted in any such charge or complaint premised on any claim released herein. Casey and Williams hereby represent that they will not hereafter voluntarily file any such charge or complaint, and agree that if any such charge or complaint is filed or becomes for any reason pending, whether as a result of information provided by Casey or Williams or otherwise, UTS or any Released Party or their counsel may represent that any and all claims of Casey and Williams have been resolved under this Agreement and provide a copy of this Agreement in support thereof.

9.     Casey and Williams agree and covenant that they will not make, publish or communicate to any person or entity or in any forum any defamatory or disparaging remarks, comments or statements concerning UTS or any Released Parties.

UTS similarly agrees and covenants that its President and Human Resource Director at the time of the execution of this Agreement will not make, publish or communicate to any person or entity in any public forum any defamatory or disparaging remarks, comments or statements concerning Williams or Casey.

10.     It is expressly agreed and understood that this Agreement is not, and shall not be construed as, an admission of liability on the part of UTS or any Released Parties.

11.     This Agreement is binding upon UTS, with respect to the obligations imposed by this Agreement, Casey and Williams, their heirs, successors, administrators, representatives, , and

6

assigns. It is the intention of the Parties hereto that this Agreement shall be deemed effective as a full and final accordance, satisfaction and release of all claims.

12.    Casey and Williams, for themselves and their heirs, successors, administrators, and assigns agree that they will not disclose the terms of the settlement set forth in this Agreement, the negotiations leading up to the settlement set forth in this Agreement, or the existence of this Agreement to any person whatsoever, except to (a) financial advisers and tax preparers; (b) current spouse; (c) legal counsel; (d) as may be required by law. The Parties agree to instruct all persons to whom disclosures are made in accordance with this Section that the subject information is confidential and must not be disclosed to others. Upon inquiry received from any other person, all Parties hereto shall state only that, "I cannot discuss this matter."

Should Williams or Casey breach the confidentiality provisions of this agreement, including the provision prohibiting them from assisting any third party, UTS may move the Court to enforce the agreement and determine an appropriate remedy for the breach including a return of part or all of the settlement proceeds, as well as reasonable attorneys' fees to address the breach, in the Court's discretion. Should UTS breach the non-disparagement clause of this Agreement, the individual who believes he was disparaged may move the Court to determine if a breach of this agreement occurred and ask the Court to fashion the appropriate remedy.

13.    The Court has conditioned approval of this agreement and entry of the order of dismissal, with prejudice, upon a fully executed copy of this agreement being filed in *Williams, et al. v. Winton Transportation Inc.*, S.D. Ohio Case No. 1:17-cv-00101-TSB. Williams, Casey and UTS are aware of and agree to this requirement.

14.    Casey's and Williams' representations, warranties, confidentiality commitments, covenants, promises, releases and other agreements set forth herein are material provisions of this

7

agreement and are not mere recitals. UTS would not have entered into this settlement absent Casey's and Williams' agreement to those terms.

15.     Casey and Williams represent and warrant that they secured independent legal advice and consultation in connection with this Agreement and any rights they may be relinquishing hereby, and that they have not relied upon any representations or statements made by any other party in executing this Agreement. Casey and Williams are executing this Agreement without reliance upon any representation except as expressly stated herein. This Agreement contains the entire agreement between the Parties and supersedes all prior discussions, negotiations, proposals and agreements, oral or written. Any oral representations or modifications concerning this Agreement or its subject matter shall be of no force or effect. The Parties agree that this Agreement shall be deemed jointly prepared and that no particular party is deemed to be the drafter of the agreement. Accordingly, in a subsequent proceeding interpreting and/or construing this Agreement and/or any Exhibits, the terms and provisions shall not be construed against either Party. The Parties agree the United States District Court for the Southern District of Ohio shall have continuing authority to enforce the terms of this Agreement and to resolve any disputes arising under this Agreement.

16.     Each of the signatories hereto, including the signatory from Burg Simpson, represents that he or she has the authority to enter into this Agreement on behalf of each person or entity on whose behalf he or she has executed this Agreement.

17.     This Agreement may be executed in two or more counterparts, each of which, when each party shall have signed and delivered to the other respective parties at least one such counterpart, shall be deemed to be an original agreement, but all of which together shall constitute one and the same fully executed Agreement. Any image of an actual signature by copy, portable

document file (.pdf) or other type of digital image (e.g. .jpg; .tiff, etc.) shall be valid as an original for all purposes.

18.     The Parties hereto agree that should any provision in this Agreement be determined to be unenforceable, or in conflict with controlling law, said declaration or determination shall not affect the remaining terms of this Agreement and the remaining terms shall remain in full force and effect.  The Parties agree that a waiver of a breach by the other party shall not operate or be construed as a waiver by that party of any subsequent breach of like or similar kind.

19.     The Parties hereto agree that this Agreement shall be governed by the laws of the State of Ohio, without reference to choice of law principles, and further agree to submit to the United States District Court for the Southern District of Ohio for the resolution of any disputes that may arise hereunder.

20.     The Parties and their counsel agree to take all reasonable steps needed to obtain approval of the settlement set forth herein and dismissal of the Williams Litigation with prejudice by way of entry of an order having the same substance and effect as Exhibit A attached hereto, without notice. , other than this agreement being filed on the court's docket, to any third parties. Notwithstanding anything to the contrary in this Agreement, no amount shall be due or payable to anyone under this Agreement unless and until the Court enters the order of dismissal with prejudice, without notice, , other than this agreement being filed on the court's docket, being given to any third parties.

21.     Casey and Williams represent that they have read this Agreement, fully understand the terms and conditions of this Agreement, and are knowingly and voluntarily executing this Agreement. They affirm that in entering into this Agreement, they do not rely on any representation, promise or inducement made by any other party or their respective representatives

9

with the exception of the representations, promises, agreements and consideration explicitly described in this Agreement. Casey and Williams enter into this agreement knowingly and voluntarily intending to be fully bound hereby despite understanding that either or both of them may hereafter discover claims or facts in addition to or different than those which Casey and Williams now know or believe to exist with respect to the subject matter of the release and which, if known or suspected at the time of entering into this Settlement and Release Agreement, may have materially affected this release and the independent decisions of Casey and Williams to enter into it.

22.     Casey understands that by signing this Agreement he specifically waives any rights, claims, and causes of action he may have for discrimination under any and all federal, state and local laws, including without limitation the Age Discrimination in Employment Act of 1967.

    a.   Casey acknowledges that he has been advised in writing, through this Agreement, to consult with an attorney prior to executing this Agreement, and that he was given a period of at least twenty-one (21) days within which to consider signing this Agreement. Casey may waive the twenty-one (21) day period by delivering to UTS a signed, written waiver prior to the expiration of the twenty-one (21) day consideration period. The waiver to be used for that purpose is attached to this Agreement as Exhibit B.

23.     Casey and Williams understand that for a period of seven (7) calendar days after they sign this Agreement, they may cancel the Agreement. To cancel the Agreement, they must deliver written notice (by hand delivery, facsimile, or mail) of cancellation to: UTS c/o Carolyn Burer, 5284 Winton Road, Fairfield, Ohio 45014. Such notice must arrive on or before 11:59pm on the seventh (7th) calendar day following the execution of this agreement, without regard to

weekends or holidays. If either Casey or Williams elects to cancel this agreement, the agreement shall be cancelled in its entirety as to all Parties.

## REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

## SIGNATURE PAGE TO FOLLOW

IN WITNESS WHEREOF, the Parties hereto have voluntarily executed this Agreement as of this _____ day of _____, 2017.

7/20/17

_____
Edward Williams II

_____
Anthony Casey


On Behalf of UTS

By: _Carolyn Burr_____

Its: _President_____


IN WITNESS WHEREOF, Burg Simpson executes this agreement for the purposes of memorializing and affirming its representations made herein which are material provisions of this agreement and are not mere recitals. Burg Simpson acknowledges UTS would not have entered into this settlement absent Burg Simpson's agreement to those terms.

By: _Melanie S. Bailey_____  7/18/17

Its: _Shareholder_____

12

IN WITNESS WHEREOF, the Parties hereto have voluntarily executed this Agreement as of this 20th day of July _____, 2017.

_Edward L.S. Williams II_

Edward Williams II

_____

Anthony Casey


On Behalf of UTS

By: _Caroline Burn_

Its: _President_




IN WITNESS WHEREOF, Burg Simpson executes this agreement for the purposes of memorializing and affirming its representations made herein which are material provisions of this agreement and are not mere recitals. Burg Simpson acknowledges UTS would not have entered into this settlement absent Burg Simpson's agreement to those terms.


By:_____

Its:_____

12

IN WITNESS WHEREOF, the Parties hereto have voluntarily executed this Agreement as of this _20_ day of _July_, 2017.

_____
Edward Williams II

_____
Anthony Casey

On Behalf of UTS

By: _Caroline Burns_

Its: _President_

IN WITNESS WHEREOF, Burg Simpson executes this agreement for the purposes of memorializing and affirming its representations made herein which are material provisions of this agreement and are not mere recitals. Burg Simpson acknowledges UTS would not have entered into this settlement absent Burg Simpson's agreement to those terms.

By: _Melanie S. Bailey_   7/18/17

Its: _Shareholder_

12